# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 17, 2010

Lyle W. Cayce
Clerk

No. 09-10831
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADEYINKA IYABODE DJENEBO PITAN, also known as Yetunde Adeyimka
Pitan Otubanjo,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-31-1

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Adeyinka Iyabode Djenebo Pitan appeals the 41-month sentence she received following her guilty plea conviction for illegal reentry into the United States following deportation. She asserts that her sentence, despite being within the applicable guidelines range, was substantively unreasonable. After *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). If the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51.

In her first ground for relief, Pitan asserts that her sentence is substantively unreasonable because it was greater than needed to accomplish the goals of 18 U.S.C. § 3553(a). She notes the defense arguments at sentencing focused on the remoteness of the drug offense resulting in the 16-level enhancement, her benign reasons for returning to the United States, and the factors considered by other courts in imposing downward variances in similar cases. Pitan's disagreement with the within-guidelines sentence imposed does not suffice to rebut the presumption of reasonableness. *See id.*; *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

Additionally, Pitan contends that the applicable guidelines range of 41-51 months in prison was too severe because U.S.S.G. § 2L1.2 was not empirically based. This court has consistently rejected Pitan's "empirical data" argument. *See United States v. Duarte*, 569 F.3d 528, 529-30 (5th Cir.). *cert. denied*, 130 S. Ct. 378 (2009). Additionally, Pitan has not established that this court may not apply a presumption of reasonableness to a sentence imposed within the applicable guidelines range. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Consequently, the judgment of the district court is AFFIRMED.